UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

CRAIG W. MAIKE,
    Debtor.
_____/

Case No. 15-20218-dob
Chapter 13 Proceeding
Hon. Daniel S. Opperman

OPINION ON REMAND REGARDING
CONFIRMATION OF DEBTOR'S AMENDED CHAPTER 13 PLAN

Introduction and Findings of Fact

The initial confirmation of the Debtor's Chapter 13 Plan was reversed by the United States District Court for the Eastern District of Michigan, which remanded the issue to this Court for confirmation of an Amended Chapter 13 Plan. The Debtor has since amended his Chapter 13 Plan so that it is facially consistent with the District Court's Opinion. In particular, the Chapter 13 Plan directs the Trustee to pay the regular contractual monthly payment of $503.18 to United Financial Credit Union ("United Financial"). An issue remains as to how much money must be repaid by Debtor's counsel to the Chapter 13 Trustee because the District Court held that attorney fees paid to Debtor's counsel should have been paid to United Financial.

After oral arguments and the submission of pleadings, the parties have stated their respective view of how this matter should proceed.

Initially, the Chapter 13 Trustee prepared two calculations. The first assumes the Chapter 13 Plan was confirmed on April 23, 2015, a payment of $503.18 per month to United Financial, and that the Debtor was current on all payments:

| Disbursement Date | Payment Received | Trustee % | Trustee Fee | Mortgage | Atty Fee | Remaining Atty Fee |
|---|---|---|---|---|---|---|
| | | | | | | 2,910.00 |
| 4/30/15 | 1,320.00 | 4.70% | 62.04 | 503.18 | 754.78 | 2,155.22 |
| 5/31/15 | 660.00 | 4.70% | 31.02 | 503.18 | 125.80 | 2,029.42 |
| 6/30/15 | 660.00 | 4.70% | 31.02 | 503.18 | 125.80 | 1,903.62 |
| 7/31/15 | 660.00 | 4.70% | 31.02 | 503.18 | 125.80 | 1,777.82 |
| 8/31/15 | 660.00 | 4.70% | 31.02 | 503.18 | 125.80 | 1,652.02 |
| 9/30/15 | 660.00 | 4.70% | 31.02 | 503.18 | 125.80 | 1,526.22 |
| 10/31/15 | 660.00 | 5.00% | 33.00 | 503.18 | 123.82 | 1,402.40 |
| 11/30/15 | 660.00 | 5.00% | 33.00 | 503.18 | 123.82 | 1,278.58 |
| 12/31/15 | 660.00 | 5.00% | 33.00 | 503.18 | 123.82 | 1,154.76 |
| 1/31/16 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 1,033.58 |
| 2/29/16 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 912.40 |
| 3/31/16 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 791.22 |
| 4/30/16 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 670.04 |
| 5/31/16 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 548.86 |
| 6/30/16 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 427.68 |
| 7/31/16 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 306.50 |
| 08/31/16 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 185.32 |
| 9/30/16 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 64.14 |
| 10/31/16 | 660.00 | 5.80% | 38.28 | 503.18 | 64.14 | 0.00 |

The second calculation is similar, but based on actual payments of the Debtor:

| Disbursement Date | Payment Received | Trustee % | Trustee Fee | Mortgage | Atty Fee | Remaining Atty Fee | | Mortgage Prin. Due |
|---|---|---|---|---|---|---|---|---|
| | | | | | | 2,910.00 | | |
| 4/30/15 | 1,320.00 | 4.70% | 62.04 | 503.18 | 754.78 | 2,155.22 | - | - |
| 5/31/15 | 660.00 | 4.70% | 31.02 | 503.18 | 125.80 | 2,029.42 | - | - |
| 6/30/15 | 660.00 | 4.70% | 31.02 | 503.18 | 125.80 | 1,903.62 | - | - |
| 7/31/15 | 660.00 | 4.70% | 31.02 | 503.18 | 125.80 | 1,777.82 | - | - |
| 8/31/15 | 330.00 | 4.70% | 15.51 | 314.49 | - | 1,777.82 | 188.69 | 188.69 |

2

| Disbursement Date | Payment Received | Trustee % | Trustee Fee | Mortgage | Atty Fee | Remaining Atty Fee | | Mortgage Prin. Due |
|---|---|---|---|---|---|---|---|---|
| 9/30/15 | 990.00 | 4.70% | 46.53 | 503.18 | 440.29 | 1,337.53 | - | 188.69 |
| 10/31/15 | 660.00 | 5.00% | 33.00 | 503.18 | 123.82 | 1,213.71 | - | 188.69 |
| 11/30/15 | - | 5.00% | - | - | - | 1,213.71 | 503.18 | 691.87 |
| 12/31/15 | 660.00 | 5.00% | 33.00 | 503.18 | 123.82 | 1,089.89 | - | 691.87 |
| 1/31/16 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 968.71 | - | 691.87 |
| 2/29/16 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 847.53 | - | 691.87 |
| 3/31/16 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 726.35 | - | 691.87 |
| 4/30/16 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 605.17 | - | 691.87 |
| 5/31/16 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 483.99 | - | 691.87 |
| 6/30/16 | - | 5.40% | - | - | - | 483.99 | 503.18 | 1,195.05 |
| 7/31/16 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 362.81 | - | 1,195.05 |
| 8/31/16 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 241.63 | - | 1,195.05 |
| 9/30/16 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 120.45 | - | 1,195.05 |
| 10/31/16 | 660.00 | 5.80% | 38.28 | 503.18 | 118.54 | 1.91 | - | 1,195.05 |
| 11/30/16 | 660.00 | 5.80% | 38.28 | 503.18 | 1.91 | 0.00 | (116.63) | 1,078.42 |
| 12/31/16 | 660.00 | 5.80% | 38.28 | 503.18 | - | 0.00 | (118.54) | 959.88 |
| 1/31/17 | 660.00 | 5.80% | 38.28 | 503.18 | - | 0.00 | (118.54) | 841.34 |
| 2/28/17 | 660.00 | 5.80% | 38.28 | 503.18 | - | 0.00 | (118.54) | 722.80 |
| 3/31/17 | 660.00 | 5.80% | 38.28 | 503.18 | - | 0.00 | (118.54) | 604.26 |
| 4/30/17 | 660.00 | 5.80% | 38.28 | 503.18 | - | 0.00 | (118.54) | 485.72 |
| 5/31/17 | 660.00 | 5.80% | 38.28 | 503.18 | - | 0.00 | (118.54) | 367.18 |
| 6/30/17 | 660.00 | 5.80% | 38.28 | 503.18 | - | 0.00 | (118.54) | 248.64 |
| 7/31/17 | 660.00 | 5.80% | 38.28 | 503.18 | - | 0.00 | (118.54) | 130.10 |
| 8/31/17 | 660.00 | 5.80% | 38.28 | 503.18 | - | 0.00 | (118.54) | 11.56 |
| 9/30/17 | 660.00 | 5.80% | 38.28 | 503.18 | - | 0.00 | (11.56) | (0.00) |

In contrast, United Financial prepared its own calculation, but with an initial payment of $1,006.36 to it, because two months of payments were due post-petition on April 23, 2015, and with a payment of $691.87 on September 30, 2015, to cure the post-confirmation default created by the Debtor's failure to make a full plan payment of $660.00 in August 2015. United Financial's calculation is:

| Disbursement Date | Payment Received | Trustee % | Trustee Fee | Mortgage | Atty Fee | Remaining Atty Fee | Missed Mortgage | Post-Pet. Arrearage |
|---|---|---|---|---|---|---|---|---|
| 4/30/2015 | 1,320.00 | 4.70% | 62.04 | 1,006.36 | 251.60 | 2,658.40 | | |
| 5/31/2015 | 660.00 | 4.70% | 31.02 | 503.18 | 125.80 | 2,532.60 | | |
| 6/30/2015 | 660.00 | 4.70% | 31.02 | 503.18 | 125.80 | 2,406.80 | | |
| 7/31/2015 | 660.00 | 4.71% | 31.02 | 503.18 | 125.80 | 2,281.00 | | |
| 8/31/2015 | 330.00 | 4.70% | 15.51 | 314.49 | 0 | 2,281.00 | 188.69 | 188.69 |
| 9/30/2015 | 990.00 | 4.70% | 46.53 | 691.87 | 251.60 | 2,029.40 | -188.69 | 0 |
| 10/31/2015 | 660.00 | 5.00% | 33.00 | 503.18 | 123.82 | 1,905.58 | | |
| 11/30/2015 | 0 | 5.00% | 0 | 0 | 0 | 1,905.58 | 503.18 | 503.18 |
| 12/31/2015 | 660.00 | 5.00% | 33.00 | 503.18 | 123.82 | 1,781.76 | | 503.18 |
| 1/31/2016 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 1,660.58 | | 503.18 |
| 2/29/2016 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 1,539.40 | | 503.18 |
| 3/31/2016 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 1,418.22 | | 503.18 |
| 4/30/2016 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 1,297.04 | | 503.18 |
| 5/31/2016 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 1,175.86 | | 503.18 |
| 6/30/2016 | 0 | 5.40% | 0 | 0 | 0 | 1,175.86 | 503.18 | 1,006.36 |
| 7/31/2016 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 1,054.68 | | 1,006.36 |
| 8/31/2016 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 933.50 | | 1,006.36 |
| 9/30/2016 | 660.00 | 5.40% | 35.64 | 503.18 | 121.18 | 812.32 | | 1,006.36 |
| 10/31/2016 | 660.00 | 5.80% | 38.28 | 503.18 | 118.54 | 693.78 | | 1,006.36 |
| 11/30/2016 | 660.00 | 5.80% | 38.28 | 503.18 | 118.54 | 575.24 | | 1,006.36 |
| 12/31/2016 | 660.00 | 5.80% | 38.28 | 503.18 | 118.54 | 456.70 | | 1,006.36 |
| 1/31/2017 | 660.00 | 5.80% | 38.28 | 503.18 | 118.54 | 338.16 | | 1,006.36 |
| 2/28/2017 | 660.00 | 5.80% | 38.28 | 503.18 | 118.54 | 219.62 | | 1,006.36 |
| 3/31/2017 | 660.00 | 5.80% | 38.28 | 503.18 | 118.54 | 101.08 | | 1,006.36 |
| 4/30/2017 | 660.00 | 5.80% | 38.28 | 503.18 | 101.08 | 0 | -17.46 | 988.90 |
| 5/31/2017 | 660.00 | 5.80% | 38.28 | 503.18 | 0 | 0 | -118.54 | 870.36 |
| 6/30/2017 | 660.00 | 5.80% | 38.28 | 503.18 | 0 | 0 | -118.54 | 751.82 |
| 7/31/2017 | 660.00 | 5.80% | 38.28 | 503.18 | 0 | 0 | -118.54 | 633.28 |
| 8/31/2017 | 660.00 | 5.80% | 38.28 | 503.18 | 0 | 0 | -118.54 | 514.74 |
| Disbursement Date | Payment Received | Trustee % | Trustee Fee | Mortgage | Atty Fee | Remaining Atty Fee | | Mortgage Prin. Due |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 9/30/2017 | 660.00 | 5.80% | 38.28 | 503.18 | 0 | 0 | -118.54 | 396.20 |
| 10/31/2017 | 660.00 | 5.80% | 38.28 | 503.18 | 0 | 0 | -118.54 | 277.66 |
| 11/30/2017 | 660.00 | 5.80% | 38.28 | 503.18 | 0 | 0 | -118.54 | 159.12 |
| 12/31/2017 | 660.00 | 5.80% | 38.28 | 503.18 | 0 | 0 | -118.54 | 40.58 |
| 1/31/2018 | 660.00 | 5.80% | 38.28 | 503.18 | 0 | 0 | -40.58 | 0 |

By comparing the "Remaining Atty Fee" column, as of September 30, 2016, the Chapter 13 Trustee calculates $120.45 should be returned to the Trustee by Debtor's counsel; United Financial asserts $812.32 should be returned.

### Jurisdiction

This Court has jurisdiction over this matter per 28 U.S.C. §157, 28 U.S.C. §1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) (confirmations of plans). All issues before this Court arise from Title 11 of the United States Code and are therefore within this Court's jurisdiction.

### Analysis

The District Court noted the tension between 11 U.S.C. § 1322 and 11 U.S.C. § 1326 and resolved that tension partially by placing the Section 1322 requirements ahead of Section 1326. The District Court did note:

> While post-confirmation default in Chapter 13 cases resulting from the timing provisions of the code or from defaults in payments by the debtor may often be inevitable, and curable under § 1322(b)(5), it does not follow that § 1322(b)(5) allows a Chapter 13 plan to intentionally modify the homestead mortgagee's right to receive payment each month in contravention of § 1322(b)(2). Section 1322(b)(5) exists as a mechanism to cure defaults and maintain payments while a bankruptcy case is pending – it does not exist to allow the plan itself to create defaults at the expense of the homestead mortgagee in order to prioritize payment to debtor's counsel, exclusively.
>
> . . .
>
> While this opinion may be disruptive to the Eastern District of Michigan model Chapter 13 plan, it is limited in its consequence. First, issues addressed in this opinion only arise where there is a homestead mortgagee under § 1322(b)(2). More

importantly, issues addressed in this opinion are limited to the circumstances where the plan has insufficient funds on hand to pay the debtor's attorney in full and to make an initial payment to the homestead mortgagee. Finally, this is but a court of first impression, with no Circuit authority to address.

*United Fin. Credit Union v. Maike (In re Maike)*, 2016 WL 1391855, at *7-*8 (E.D. Mich. Apr. 7, 2016).

This language was not only generally prophetic, it applies in this case because the Debtor has missed two payments, made a partial payment, and made a larger payment to cure the partial payment shortage.

Applying the District Court holding to this case, the first payment to United Financial should have been $1,006.36 because two post-petition payments were due. This is the initial payment described by the District Court. The partial payment of $330.00 in August 2015, however, fits squarely in the District Court's language that acknowledges that the Code and the Debtor's post-petition defaults can occur. The Trustee correctly paid $314.49 to United Financial because that was all that was available. When the Debtor paid $990.00 in September 2015, the plan directed the Trustee to pay $503.18 to United Financial. Although United Financial was due another $188.69 ($503.18 - $314.49), that default may be cured by Section 1325(b)(5) because the Debtor's failure to pay caused the default, not the plan itself. The same is true for the November 2015 and June 2016 payments missed by the Debtor.

For ease, the Court adjusts the Trustee's remaining attorney fee of $120.45 and adds $503.18 that should have been paid in the May 2015 disbursement, and concludes that as of September 30, 2016, Debtor's counsel should return $623.63 to the Chapter 13 Trustee.

**Signed on October 20, 2016**

                                              **/s/ Daniel S. Opperman**
                                              **Daniel S. Opperman**
                                              **United States Bankruptcy Judge**